UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SAIM SARWAR,

                 **Plaintiff,**

   vs.                                                 3:20-CV-1549
                                                        (TJM/ATB)

SOUTHERN TIER HOTEL, LLC,

                 **Defendant.**
_____

**Thomas J. McAvoy,
Sr. U.S. District Judge**

## ORDER

    Plaintiff Saim Sarwar filed a Complaint in this action on December 14, 2020. See dkt. # 1. The Complaint, brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181, et seq., and the New York Human Rights Law ("NYSHRL"), NYS Exec. Law § 296(2)(a), alleges that Plaintiff is an individual with a disability as defined by the ADA. Id. at ¶ 1. Plaintiff's disability limits his ability to walk and use his hands, and he frequently uses a wheelchair to get about outside the home. Id. He requires accessible handicap parking spaces close to the entrance of any facility he visits. Id. He also needs space and a smooth ramp to get from his parking space to the building. Id. Once inside the building, the Plaintiff requires that fixtures and amenities like faucets, doorknobs, and sinks be at an appropriate height and arrangement so that he can use them. Id.

    Plaintiff alleges that he serves as a "tester" of public facilities on behalf of himself

1

and other similarly situated persons.  Id. at ¶ 2.  His aim is to "[assert] his civil rights and [monitor], [ensure] and [determine] whether places of public accommodation and their websites are in compliance with the ADA."  Id.

Defendant allegedly owns the Holiday Inn Express Oswego in Oswego, New York.  Id. at ¶ 3.  That property is a place of lodging.  Id.  Plaintiff alleges that Defendant, either on its own or through a third party, "accepts reservations for its hotel online through one or more websites."  Id. at ¶ 9.  The websites permit members of the public to "reserve guest accommodations and review information" about "the goods, services, features, facilities, benefits, advantages, and accommodations" available at the hotel.  Id.  Those websites are subject to federal regulation concerning the ADA.  Id.  Before filing the lawsuit, Plaintiff visited the websites in question and found that they did not contain information on accommodations available for persons with disabilities sufficient to permit Plaintiff to know whether the hotel would suit him.  Id. at ¶ 10.

Plaintiff's Complaint sought declaratory judgment and injunctive relief under the ADA and damages under the NYSHRL.  Plaintiff also seeks attorneys fees, costs, and expenses.

The Court issued summons when Plaintiff filed the Complaint.  See dkt. # 2.  Plaintiff served the Complaint on Defendant on September 23, 2020.  See dkt. # 4.  When Defendant failed to answer the Complaint, Plaintiff requested that the Clerk of Court enter default.  See dkt. # 8.  The Clerk of Court entered default on December 10, 2020.  See dkt. # 22.

Plaintiff then filed the instant motion for default judgment.  See dkt. # 24.  Plaintiff seeks an order from the Court mandating that Defendant work to bring the websites into

compliance with the ADA.  Id.

"[D]efault judgment is an extreme remedy that should only be granted as a last resort."  Bravado Int'l Group Merich. Servs. v. Ninna, Inc., 655 F.Supp.2d 177, 186 (E.D.N.Y. 2009).  Whether to grant a motion for default judgment is "left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties."  Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).  Courts favor resolving cases on the merits, and "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."  Id. at 96.

Plaintiff's default judgment motion provides the Court with a recitation of the facts of the case and proof of the entry of default.  Plaintiff also explains in some detail the injunctive relief sought.  The Court will grant this relief, as detailed below.  The Plaintiff's Complaint states clearly the basis of the claim and the relief sought.  Defendant did not answer the Complaint, and the Clerk has entered default.  Under those circumstances, granting the relief sought is appropriate in that respect.

Accordingly:

The Plaintiff's motion for default judgment, dkt. # 7, is hereby **GRANTED** with respect to the injunctive relief Plaintiff seeks, and the Defendant is hereby **ENJOINED** from discriminating against individuals with disabilities.  The Defendant is **ORDERED** to remediate its participation on websites, including www.expedia.com, www.hotels.com, www.booking.com, www.orbitz.com, www.cheaptickets.com, and www.agoda.com, to bring them in compliance with federal regulations.  Defendant shall review carefully the

DOJ guidelines regarding ADA website compliance. Defendant shall provide the subject websites with information sufficient and photographs sufficient to make clear whether the hotel contains ADA-compliant rooms, grab bars, handicapped parking spaces, ramps, and other facilities. Defendants shall also identify on these websites the accessible rooms in the hotel and whether they are available for booking in the same way that they advertise other rooms. Defendant is also **ORDERED** to identify the accessible rooms at the hotel in question on their own websites and make them available for booking in the same manner as other rooms.

**IT IS SO ORDERED**

Dated: July 8, 2021

Thomas J. McAvoy
Senior, U.S. District Judge