**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SAIM SARWAR,**

                    **Plaintiff,**

    vs.                                                3:20-CV-1549
                                                                                                  (TJM/ATB)

**SOUTHERN TIER HOTEL, LLC,**

                    **Defendant.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


                                                            **ORDER**

        Plaintiff Saim Sarwar filed a Complaint in this action on December 14, 2020.  See dkt. # 1.  The case concerns Plaintiff's claims that Defendant, which operates a hotel in Oswego, New York, fails to provide on-line information required by the Americans with Disabilities Act ("ADA") concerning accommodations for people with disabilities on websites where patrons can reserve hotel rooms.  Plaintiff, who is a person with a disability, intends to visit the hotel in question.  He is unable to determine whether the hotel can accommodate his disability.  His complaint seeks injunctive relief that directs the Defendant to provide information about accommodations on websites that take reservations.

        Defendant did not answer the Complaint, the Clerk of Court entered default judgment at the Plaintiff's request, and Defendant filed a motion for default judgment.  The

Court granted this motion, providing Plaintiff with the injunctive relief he sought. See dkt. # 12. Defendant then filed two motions for attorneys fees, which are presently before the Court. See dkt. #s 13, 15.[1] Plaintiff seeks $7,152 in costs, fees, and expenses. Those fees consist of: $400 in filing fees; $140 for service of process; $1300 in fees for an inspector of the websites in question; and $5312.50 in attorneys fees. Dkt. # 15-5.

The Court finds that the filing fee, service fee, and fees paid to the expert in question are compensable and reasonable, and will award those fees. The Court must examine the attorneys fees sought more closely.

Plaintiff seeks attorneys fees pursuant to 42 U.S.C. § 12205, which permits a "prevailing party" in a case brought pursuant to the ADA to recover a "reasonable attorney's fee." 42 U.S.C. § 12205. "A prevailing party is a party who 'obtained an enforceable judgment, consent decree, or settlement giving some of the legal relief sought.'" Hofler v. Family of Woodstock, Inc., 2012 U.S. Dist. LEXIS 20756, at *4 (N.D.N.Y. Feb. 16, 2012) (quoting Buckhannon Bd. & Care Home., Inc v. W. Virginia Dept. of Health & Human Res., 532 U.S. 598, 602 (2001)). A party who prevails must demonstrate that the "requested fee is reasonable." Id. In determining whether a fee request is reasonable, the court is to "'determin[e] the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multipl[y] the two figures together to obtain a presumptively reasonable fee award.'" Id. at *5 (quoting Porzig v. Dresdner, Leinwort, Benson, N.Am.LLc, 497 F.3d 133,141 (2d Cir. 2007) (alteration in

---

[1] The two motions are identical. The Court will use the later-filed motion (dkt. # 15), as the more recently filed. If the motions were different, the second would supersede the first.

2

original)). A court deciding whether the fee is reasonable can 'look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.'" Id. The court begins with that calculation of the presumptively reasonable award, but can adjust the award based on a variety of factors:

> The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at *6 (quoting Hainsley v. Eckerhart, 461 U.S. 424, 430 n.1 (1983)).

The Court has already found that Plaintiff is a prevailing party and entitled to fees and costs. The question here is whether the requested attorneys fees are reasonable. In establishing the presumptively reasonable award, the Court must begin by calculating the appropriate hourly rate. Plaintiff's counsel seeks $425/hour for his hourly rate. That rate exceeds the local rates for counsel of Plaintiff's experience.

Plaintiff's counsel, Tristan Gillespie, relates that he has been an attorney since 2006. He is admitted to practice in Georgia, New York, Maryland, the District of Columbia, and New Jersey. Affidavit of Tristan Gillespie, dkt. # 15-1, at ¶ 1. He is very experienced in ADA cases, handling "hundreds" across his career. Id. at ¶ 2. Gillespie's resume reflects broad experience, including the last three years spent on this specific type of work. See dkt. # 15-8. Plaintiff's briefing indicates that Gillespie is among a small number of attorneys who approach these types of claims nationwide. He contends that this specialized experience and the unique nature of the case justifies the higher hourly rate he

3

seeks.

The Court finds that counsel's rate should be a rate equivalent to those of partners with considerable experience, based on the facts provided above. Courts in this District have found that a reasonable rate for work for an experienced partner is between $250 and $350 an hour. Baudin v. Res. Mktg. Corp., LLC, 2020 U.S. Dist. LEXIS 193416, at *6-7 (N.D.N.Y. Oct. 19, 2020) (citing Doe v. Cornell Univ., No. 3:17cv402, 2019 U.S. Dist. LEXIS 62986, 2019 WL 1567535, *7 (N.D.N.Y. Apri. 11, 2019); Cruz v. Sal-mark Restaurant Corp., no. 17-CV-0815, 2019 U.S. Dist. LEXIS 13529, 2019 WL 355334, *7 (N.D.N.Y. Jan. 28, 2019); Premium Sports, Inc. v. Nichols, No. 3:17cv741, 2018 U.S. Dist. LEXIS 124206, 2018 WL 3574870, *9 (N.D.N.y. July 25, 2018); Parish v. Kosinski, No. 17-CV-0344, 2018 U.S. Dist. LEXIS 20134, 2018 WL 1475222, *5 (N.D.N.Y. Feb. 5, 2018)).

Plaintiff seeks a higher rate that might be paid in another district, rather than the customary rate in this forum. The Second Circuit Court of Appeals has addressed this issue:

> when faced with a request for an award of higher out-of-district rates, a district court must first apply a presumption in favor of application of the forum rule. In order to overcome that presumption, a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result. In determining whether a litigant has established such a likelihood, the district court must consider experience-based, objective factors. Among the objective factors that may be pertinent is counsel's special expertise in litigating the particular type of case, if the case is of such a nature as to benefit from special expertise. A litigant cannot overcome the presumption by relying on the prestige or "brand name" of her selected counsel. Lawyers can achieve prestige and fame in numerous ways that do not necessarily translate into better results. The party seeking the award must make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result. Unless these limitations are observed, the award of attorney's fees would not respect what we described in *Arbor Hill* as the "touchstone" of the doctrine, "that district courts

4

> should award fees *just high enough* to attract competent counsel" 493 F.3d at 121. Among ways an applicant may make such a showing is by establishing that local counsel possessing requisite skill were unwilling or unable to take the case, or by establishing, in a case requiring special expertise, that no in-district counsel possessed such expertise.

Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 175-76 (2d Cir. 2009) (quoting Arbor Hill Concerned Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 121 (2d Cir. 2007)).

Applying these factors here, the Court finds that the requested out-of-district fee is not reasonable. The Court will instead apply the appropriate local fee of $350/hr for attorneys of the experience of Plaintiff's counsel in establishing the presumptively reasonable rate. The Court notes that counsel has not offered any detailed explanation for why an out-of-district fee is necessary, and has not directly addressed the Second-Circuit factors. He has instead explained the fees that attorneys in other districts have received for similar civil-rights work. Plaintiff has also addressed the twelve factors outlined above for the general reasonableness of a fee. That briefing points out to the court that the sort of case here is a unique one, and that few attorneys have a practice of bringing cases to test ADA compliance. The Court considers the unique nature of the case in awarding a rate at the high end for experienced partners in this district, and finds that a rate higher than the customary rate in the district is not necessary because a reasonable client in these circumstances would not have selected out-of-district counsel because doing so would likely have produced a substantially better net result. The injunctive relief obtained took some skill, but does not represent a highly technical degree of knowledge that few attorneys in this District would possess. The judgment here obtained also came after a default, which every attorney in this district would likely be able

5

to handle. In the end, the Court finds that a higher fee would not be necessary to attract competent counsel.

Having found the presumptively reasonable award, the Court must now determine whether to further adjust the award based on the factors related above. Having considered those factors, the Court will adjust only for the lowered hourly rate. The Court notes that the case itself may have been fairly complicated to initiate, but the case ended up being decidedly simple to litigate. The matter ended in default judgment, which any competent lawyer can achieve. The hours spent on the work done were not excessive, and the Court considers the fee, adjusted to reflect the local hourly rate, to be reasonable. Counsel seeks an attorneys fee of $5,312.50, which represents 12.5 hours at $425/hour. At the rate of $350 and hour, that fee will be reduced to $4,375.

Accordingly:

The Plaintiffs' motions for costs and fees, dkt. #s 13, 15, are hereby **GRANTED**, and the Clerk of Court is directed to enter judgment in the amount of $6,125 for the Plaintiff, as follows:

        1.    $400.00    (filing fees)

        2.    $140.00    (service fees)

        3.    $650.00    (expert inspection)

        4.    $650.00    (post-judgment expert inspection)

        5.    $4,375.00    (attorneys fees)

        _____

Total:    $6.215.00

**IT IS SO ORDERED**

Dated: March 21, 2022

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge